## CHARLES TUCKER *vs.* HORACE TARBELL.

An action of tort which is submitted by the plaintiff to the jury solely upon the ground
that the defendant forcibly prevented him from exercising certain rights is not supported
by proof of a mere verbal prohibition on the part of the defendant.

TORT. The declaration alleged that the plaintiff, being a dealer in milk, had a right to transport milk from Southboro' to Boston in a certain car over the Boston and Worcester Railroad, and the defendant entered said car and with force and arms removed the plaintiff's cans of milk, and prevented the plaintiff from transporting them, and prevented other cans of the plaintiff's milk from being placed in the car, and converted fifty cans of the plaintiff's milk to his own use.

At the trial in the superior court, before *Rockwell*, J. the only ground upon which the trial proceeded was, that the defendant forcibly prevented the plaintiff from placing his cans of milk in his apartment of a milk car, in which other apartments were used by the defendant and others. The testimony of the witnesses of the plaintiff was to the effect that the defendant forbade the plaintiff's agent to put the cans into his apartment, and that when some of the plaintiff's cans of milk had been put upon the floor of the car the defendant poured milk from some of them into other cans; but there was no evidence of any force in his part.

The judge ruled that, as the only ground upon which the action was sought to be sustained was that of forcible resistance on the part of the defendant, the testimony was not sufficient to prove such forcible acts as would entitle the plaintiff to recover. The jury accordingly returned a verdict for the defendant, and the plaintiff alleged exceptions.

*N. F. Safford*, for the plaintiff.

*G. W. Searle*, for the defendant.

COLT, J. The plaintiff put his case at the trial solely on the ground that the defendant had forcibly prevented him from placing his milk in the apartment of the car to which he was

entitled. He doubtless had good reason for seeking to recover damages for that injury alone. The defendant might have been well prepared to meet any other aspect of the case. It is unnecessary; therefore, to inquire whether under the declaration he might have maintained his case for a conversion of the property He waived all such claim at the trial; and it is clear that the evidence which he produced would not justify the jury in finding that force had been employed by the defendant upon the occasion in question. *Exception overruled.*